IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN MURPHY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION CASTPARTS CORP., MARK DONEGAN, and SHAWN R. HAGEL,<br><br>Defendants. | Case No. 3:16-cv-00521-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Defendants Precision Castparts Corporation ("PCC") and Mark Donegan (together, "Defendants") filed a motion for partial reconsideration of the Court's July 3, 2020 Opinion and Order on the parties' cross motions for summary judgment. (ECF No. 310.) Defendants argue that the Court committed clear error by finding that genuine disputes as to material facts preclude entry of summary judgment for Defendants with respect to Lead Plaintiffs' allegations about PCC's pull-in sales and destocking inventory. The Court disagrees.

Defendants specifically target certain evidence the Court cited in support of its conclusion that genuine disputes exist as to material facts relating to pull-in sales and destocking.

PAGE 1 – OPINION AND ORDER

To clarify, the disputed facts the Court highlighted in its 81-page opinion are not exhaustive of the disputed facts in the several hundred exhibits the parties submitted in support of their cross motions for summary judgment. The Court reviewed and considered all of the parties' exhibits, and the Court satisfied Rule 56's requirement to "state on the record the reasons for granting or denying the motion [for summary judgment]." FED. R. CIV. P. 56(a); cf. *Probuilders Specialty Ins. Co. v. Phoenix Contracting, Inc.*, No. 6:16-cv-00601-AA, 2017 WL 11536055, at *1 (D. Or. May 3, 2017) ("[T]he fact that a piece of evidence is not cited or discussed does not necessarily mean that the piece of evidence was not considered." (citations omitted)). The highlighted exhibits were sufficient to demonstrate that disputed material facts preclude summary judgment here.

Nevertheless, the Court acknowledges that it inadvertently mischaracterized a July 19, 2013 email (GX 43), and now corrects the record by noting that the email was sent *to* a PCC Vice President, not *from* a PCC Vice President, and that the email referenced proposed pull-in sales equivalent to 20.5% of quarterly sales for the referenced plant, not company-wide. (Opinion & Order at 67-68.) In addition, to the extent the Court suggested that the Lead Plaintiffs presented evidence that pulling in sales "impacted PCC's largest plants on the order of 16.67% to 27.65% of sales" based on the Lead Plaintiffs' table showing pull-in sales at ten different plants, the Court acknowledges that the table does not list PCC's ten largest plants. (Opinion & Order at 67.) These clarifications do not change the Court's conclusion that Lead Plaintiffs have presented sufficient evidence of pull-in sales from individual plants, combined with anecdotal evidence and testimony, to dispute the impact of PCC's pull-in sales, especially in light of PCC's position that it did not track the company-wide impact of its pull-in sales.

///

With respect to destocking, Defendants are correct that there would be no dispute about Donegan's testimony that Rolls Royce told him its destocking would be temporary if the Court were simply to credit the testimony of Donegan and Michael Mosley. However, a court does not evaluate witness credibility on a motion for summary judgment, and Lead Plaintiffs have submitted emails and conflicting testimony sufficient to challenge the credibility of the defense witnesses' testimony regarding their private conversations about destocking. (*See, e.g.*, Opinion & Order at 41.) Based on the evidence of record, a reasonable juror could conclude that Donegan was aware that Rolls Royce's destocking was not temporary.

The Court understands that the jury's consideration of evidence of pull-in sales and destocking is going to result in a more complex and protracted trial here. Nevertheless, having reconsidered the parties' cross motions for summary judgment and the exhibits and arguments submitted in support, the Court stands by its original opinion. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (finding that a motion for reconsideration of a court's order is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources'" (citations omitted)).

## CONCLUSION

For the reasons stated, the Court DENIES Defendants' Motion for Partial Reconsideration (ECF No. 310).

**IT IS SO ORDERED.**

DATED this 5th day of October, 2020.

　　　　　　　　　　　　　　　　　　　*/s/ Stacie F. Beckerman*
　　　　　　　　　　　　　　　　　　　HON. STACIE F. BECKERMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

PAGE 3 – OPINION AND ORDER