FILED

JUL 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMF PENSIONSFORSAKRING AB; OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Lead Plaintiffs,

Plaintiffs-Appellants,

and

KEVIN MURPHY; KBC ASSET MANAGEMENT NV,

Plaintiffs,

v.

PRECISION CASTPARTS CORP.; et al.,

Defendants-Appellees.

No. 21-35516

D.C. No. 3:16-cv-00521-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted June 9, 2022
Portland, Oregon

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,** District Judge.

Appellants AMF Pensionsforsakring AB and Oklahoma Firefighters Pension and Retirement System ("Investors") appeal the district court's grant of summary judgment to Appellees Precision Castparts Corporation (PCC), Mark Donegan, and Shawn Hagel in this action brought under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's ruling de novo, *Burrell v. McIlroy*, 464 F.3d 853, 855 (9th Cir. 2006). We affirm.

1. We agree with the district court that Donegan's statements are "too vague to be actionable" and not "specific enough for [Investors] to establish falsity." Assuming that Donegan's statements were intended to communicate *something* about PCC's past or current progress along a particular "line," the precise shape of that line and PCC's purported position on it were not clear enough to be "capable of objective verification," *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014), as required to qualify as "untrue statement[s] of a material fact," 17 C.F.R. § 240.10b-5(b). We thus agree with the district court that Investors cannot establish falsity with respect to Donegan's "line," "slope,"

** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

"drumbeat," or "framework" statements.[1]

2. Given that we agree with the district court regarding falsity, we do not reach the issue of whether Donegan's statements are protected under the Private Securities Litigation Reform Act's safe harbor provision for forward-looking statements. 15 U.S.C. § 78u-5(c)(1).

3. We also agree with the district court that Investors cannot establish loss causation with respect to Donegan's "pull-in sales" and "destocking" statements considered alone.

**AFFIRMED.**

---

[1] Investors also appeal the district court's earlier grant of summary judgment to Hagel, PCC's Chief Financial Officer. Because Investors' claims against Hagel depend on the falsity of Donegan's statements, however, those claims cannot succeed.